1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LANCE M.<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | CASE NO. C21-5057-MAT<br><br>ORDER RE: SOCIAL SECURITY<br>DISABILITY APPEAL |

14  Plaintiff appeals a final decision of the Commissioner of the Social Security Administration

15  (Commissioner) denying Plaintiff's applications for Disability Insurance Benefits (DIB) and

16  Supplemental Security Income (SSI) after a hearing before an administrative law judge (ALJ).

17  Having considered the ALJ's decision, the administrative record (AR), and all memoranda of

18  record, this matter is REVERSED and REMANDED for further administrative proceedings.

19  **FACTS AND PROCEDURAL HISTORY**

20  Plaintiff was born on XXXX, 1969.[1] Plaintiff has limited education and previously worked

21  as a janitor, cook, and assembler, installer. AR 27. Plaintiff filed an application for DIB on

22  September 9, 2015, and an application for SSI on September 1, 2015, alleging disability beginning

23

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

November 1, 2014. AR 15, 29. The applications were denied at the initial level and on reconsideration. On November 15, 2017, the ALJ held a hearing and took testimony from Plaintiff and a vocational expert (VE). AR 37–76. On June 4, 2018, the ALJ issued a decision finding Plaintiff not disabled. AR 173–88. Plaintiff timely appealed. The Appeal Council granted Plaintiff's request for review on September 19, 2019, and remanded the matter to the ALJ to obtain additional evidence concerning Plaintiff's impairments and consider additional evidence submitted on November 16, 2017, among other things. AR 195–200.

The ALJ held another hearing on January 28, 2020, and took testimony from Plaintiff and a VE. AR 77–105. On July 1, 2020, a different ALJ issued a decision finding Plaintiff not disabled.[2] AR 15–29. The Appeals Council denied Plaintiff's request for review on January 8, 2021 (AR 1–6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appeals this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings are supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's

---

[2] The former ALJ, Kimberly Boyce, retired prior to issuing a decision, and the matter was reassigned to ALJ Raymond Souza. AR 15. ALJ Souza determined that another hearing was not required for him to issue a decision on the claims. AR 15.

1    decision, the Court must uphold the ALJ's decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th

2    Cir. 2002).

3                                            **DISCUSSION**

4          The Commissioner follows a five-step sequential evaluation process for determining

5    whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).

6          At step one, the ALJ must determine whether the claimant is gainfully employed. The ALJ

7    found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 18.

8          At step two, the ALJ must determine whether a claimant suffers from a severe impairment.

9    The ALJ found Plaintiff has the following severe impairments: degenerative disc disease,

10   depressive disorder, anxiety disorder, and substance addiction disorder. AR 18.

11         At step three, the ALJ must determine whether a claimant's impairments meet or equal a

12   listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of

13   a listed impairment. AR 18–19.

14         If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

15   residual functional capacity (RFC) and determine at step four whether the claimant has

16   demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform

17   light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following limitations:

18              [H]e can never climb ladders, ropes, or scaffolds, work at
19              unprotected heights or in proximity to hazards such as heavy
                machinery with dangerous moving parts. He can occasionally climb
                ramps and stairs, and balance, and seldom stoop, kneel, crouch, and
20              crawl. He can remain satisfactorily productive in work than can be
                performed from a seated or standing position. He can perform work
21              in which concentrated exposure to extreme cold, heat, wetness,
                pulmonary irritants or vibration present. He can understand,
22              remember and carry out simple, routine tasks and follow short,
                simple instructions. He can perform work that requires little or no
23              judgment, and can perform simple duties that can be learned on the
                job in a short period. He can cope with occasional work setting

ORDER
PAGE - 3

> change and occasional, routine interaction with supervisors. He can work in proximity to coworkers but not in a team or cooperative effort. He can perform work that does not require interaction with the general public as an essential element of the job, but occasional incidental contact with the general public is not precluded. Within these parameters, he can meet ordinary and reasonable employer expectations regarding attendance, production and work place behavior, and can persist, focus, concentrate and maintain an adequate pace in 2-hour increments.

AR 19–20. With that assessment, the ALJ found Plaintiff unable to perform any past relevant work. AR 27.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a VE, the ALJ found Plaintiff capable of performing other jobs, such as work as a marker, garment sorter, and inspector hand packager. AR 28.

Plaintiff raises the following issues on appeal: (1) Whether the ALJ erred in evaluating the medical opinion evidence; (2) whether the ALJ erred by failing to provide clear and convincing reasons for rejecting Plaintiff's statements; and (3) whether the ALJ erred by failing to provide germane reasons for rejecting a lay witness statement. Plaintiff requests remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

## 1. Medical Opinions

The regulations applicable to Plaintiff's case require the ALJ to weigh medical opinions regardless of the source. 20 C.F.R. §§ 404.1527(c), 416.927(c). Under these regulations, the ALJ is required to give "controlling weight" to a treating physician's opinion if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the

1    other substantial evidence in [claimant's] case record."[3] *Id.* §§ 404.1527(c)(2), 416.927(c)(2).

2    More weight should be given to the opinion of a treating doctor than to a non-treating doctor, and

3    more weight should be given to the opinion of an examining doctor than to a non-examining

4    doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Where not contradicted by another

5    doctor, a treating or examining doctor's opinion may be rejected only for "clear and convincing"

6    reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). Where contradicted, a treating or

7    examining doctor's opinion may not be rejected without "'specific and legitimate reasons'

8    supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830–31 (quoting

9    *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

10        With these regulations and considerations in mind, the Court proceeds to its analysis of the

11   medical evidence in this case.

12        A. Dr. Dan Welch, M.D.

13        In February 2015, Dr. Welch, Plaintiff's treating physician, opined that Plaintiff was

14   limited to sedentary work based on a diagnosis of lumbar radiculopathy and had marked limitations

15   in his ability to sit, lift, and stand. AR 529–31. In March 2016, Dr. Welch opined that Plaintiff's

16   symptoms often are severe enough to interfere with the attention and concentration required to

17   perform simple work-related tasks, that Plaintiff would be "possibly drowsy" from his

18   medications, that Plaintiff would need to recline or lie down during an 8-hour work day in excess

19   of typical work breaks and also take unscheduled breaks, cannot walk any blocks without rest or

20   significant pain, can sit for 30 minutes and stand/walk for 15 minutes at one time and can sit for

21

22

23   _____
     [3] In 2017, the Social Security Administration amended its regulations and removed the "controlling weight" requirement for all applications filed after March 27, 2017. *See* 20 C.F.R. §§ 404.1520c, 416.920c (2017). Because Plaintiff's claims were filed before March 27, 2017, the new rules are not applicable to Plaintiff's case.

ORDER
PAGE - 5

three hours and stand/walk for 2 hours in an 8-hour work day, needs a job that permits shifting positions at will from sitting, standing, or walking, and would likely be absent more than four times a month as a result of his impairments or treatments. AR 653–54. In January 2017, Dr. Welch opined that Plaintiff had severe limitations in lifting, walking, and sitting and would be permanently limited to sedentary work. AR 766–68.

In deciding the weight to give to any medical opinion, the ALJ considers factors such as the examining relationship, the treatment relationship, supportability, consistency, specialization, and other factors which tend to support or contradict the opinion, including the source's understanding of the agency's disability program and evidentiary requirements, and the source's familiarity with the case record. 20 C.F.R. §§ 404.1527(c), 416.927(c). The ALJ gave little weight to Dr. Welch's March 2016 and January 2017 opinions, finding that the opinions were inconsistent with the record and that, although the doctor indicated limited ability to stand and walk, he made "no mention of a need for a cane or symptoms of lower extremity weakness or instability." AR 24–25.

Plaintiff argues that the ALJ erred by not addressing Dr. Welch's 2015 opinion. Dkt. 10, at 5. The Commissioner argues that the ALJ's failure to address Dr. Welch's 2015 opinion was harmless because it was similar to Dr. Welch's 2016 and 2017 opinions, which also limited Plaintiff to sedentary work. Dkt. 13, at 7. "The ALJ must consider all medical opinion evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). However, an ALJ need not confront all evidence, only significant probative evidence. *See Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984). Here, because Dr. Welch's 2015 opinion was probative as an opinion from Plaintiff's treating physician and supportive of Plaintiff's claim, the ALJ erred by failing to address the opinion. Further, contrary to the Commissioner's assertion, the Court cannot

find that this error was inconsequential to the ultimate non-disability determination. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (an ALJ's error may be deemed harmless where it is "'inconsequential to the ultimate nondisability determination.'"). The ALJ rejected several opinions that assessed functional limitations similar to those in Dr. Welch's 2015 opinion on grounds that these opinions were "inconsistent with the record," including Dr. Welch's 2016 and 2017 opinions and opinions from Dr. Brent Packer, M.D., and Joni Ghormley, ARNP. AR 24. Only by considering Dr. Welch's 2015 opinion in conjunction with the doctor's 2016 and 2017 opinions and other medical opinions of record opining similar functional limitations can the ALJ determine whether the record as a whole supports greater functional limitations than assessed in the RFC. *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) ("Generally, the more consistent a medical opinion in with the record as a whole, the more weight we will give to that medical opinion."). Therefore, the ALJ's error in failing to address Dr. Welch's 2015 opinion was not harmless.

Plaintiff argues that the ALJ failed to give specific and legitimate reasons for rejecting Dr. Welch's 2016 and 2017 opinions. Dkt. 10, at 6. The ALJ may reject a physician's opinion "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). Rather than merely stating his conclusions, the ALJ "must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*. (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Here, the ALJ found that Dr. Welch's 2016 and 2017 opinions were "inconsistent with objective imaging and physical exams," noting that Plaintiff "had mild findings on imaging of the spine," "some reduced range of motion and positive straight leg raise at times," and "mostly full strength and intact sensation." AR 24–25. The ALJ's finding, however, does not

accurately reflect the overall medical findings regarding Plaintiff's spinal impairments. In his discussion of the medical evidence, the ALJ cites a June 2014 MRI of the lumbar spine which showed mild multilevel lumbar degenerative disc disease (AR 21, citing AR 510); however, the same record found Plaintiff to have a left foraminal annular disc tear, broad 2mm disc protrusion, diffuse disc bulge in at least two vertebral levels, and mild right and central stenosis at another vertebral level. AR 510. The ALJ also cites to other treatment records that the ALJ found shows "full strength of the lower extremities, negative straight leg raise, and intact sensation" (AR 21, citing AR 510, 514, 519, 636); however, these records also found "[v]ery, very strong dystonic EMG activity" in the sacral paraspinals and a positive Ely test bilaterally. AR 510, 515, 519. It is error for the ALJ to "cherry-pick[]" statements in a medical record; rather, observations "must be 'read in context of the overall diagnostic picture' the provider draws." *Ghanim v. Colvin*, 763 F.3d 1154, 1162, 1164 (9th Cir. 2014) (citation omitted). The ALJ's error was harmful because it resulted in an RFC assessment that did not account for all of Plaintiff's assessed limitations.

The Commissioner argues that the ALJ properly discounted Dr. Welch's opinions because "the ALJ noted that subsequent medical records showed minimal back-related complaints, along with management of his back with medication." Dkt. 13, at 7 (citing AR 22). The ALJ, however, did not specifically identify these reasons as a basis for rejecting Dr. Welch's opinions. Therefore, the Court does not consider these *post-hoc* rationalizations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.").

ORDER
PAGE - 8

B.  Joni Ghormley, ARNP

On March 22, 2016, ARNP Ghormley opined that Plaintiff's impairments often are severe enough to interfere with his attention and concentration required to perform simple work-related tasks, that Plaintiff can walk zero to one block without rest or significant pain, can sit and stand/walk for 15 minutes at one time and for one hour in an 8-hour work day, needs a job which permits shifting positions at will from sitting, standing, or walking, will need to take unscheduled breaks during an 8-hour work day, and will likely be absent from work as a result of his impairments or treatment three or four times a month. AR 649–50. In treatment notes dated July 14, 2016, ARNP Ghormley further opined that "[i]t is likely that [Plaintiff] could perform light work if the employer could be flexible with up to 4, 15 min breaks in an 8 hour shift" and that Plaintiff "would need [a] position that would allow him to sit, stand or walk in short 1-2 hour intervals." AR 867.

Social Security regulations applicable to Plaintiff's claims distinguish between "acceptable medical sources" and "other sources."[4] Acceptable medical sources include licensed physicians and psychologists, while other non-specified medical providers are considered "other sources." 20 C.F.R. §§ 404.1502, 404.1513, 416.902, 415.913; Social Security Ruling (SSR) 06-03p. Less weight may be assigned to the opinions of other sources; however, the ALJ's decision should reflect consideration of such opinions, and the ALJ may discount the evidence by providing reasons germane to each source. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996); *see also Molina*, 674 F.3d 1104 at 1111. The ALJ gave ARNP Ghormley's March 2016 opinion little weight finding it inconsistent with the record. AR 24. The ALJ did not discuss ARNP Ghormley's

---

[4] The Social Security Administration rescinded SSR 06-3p effective March 27, 2017. Because Plaintiff filed his applications before that date, SSR 06-3p still applies to Plaintiff's claims. 82 Fed. Reg. 15263, 15263 (March 27, 2017).

ORDER
PAGE - 9

July 2016 treatment notes.

Plaintiff argues that the ALJ erred by failing to give germane reasons for rejecting ARNP Ghormley's March 2016 opinion. Dkt. 10, at 9. The ALJ gave ARNP Ghormley's March 2016 opinion little weight for the same reasons as Dr. Welch's 2016 and 2017 opinions. For the same reasons discussed for Dr. Welch's opinions, the ALJ erred in rejecting ARNP Ghormley's March 2016 opinion.

Plaintiff further argues that the ALJ erred by failing to discuss ARNP Ghormley's July 2016 treatment notes. Dkt. 10, at 9. The Commissioner argues that the ALJ did not need to address ARNP Ghormley's July 2016 treatment notes because it was not a "medical opinion" under the applicable regulations, was vague, and speculated about Plaintiff's ability to perform modified light work. Dkt. 13, at 7–8. The Commissioner further argues that the ALJ did not need to address ARNP Ghormley's July 2016 treatment notes in light of ARNP Ghormley's March 2016 opinion. *Id.* at 8. Here, ARNP Ghormley's July 2016 treatment notes reflected the provider's judgments about the nature and severity of Plaintiff's impairments, including noting his spine and back pain diagnoses, pain symptoms, medication side effects, and limitations for sitting, standing, and walking. AR 865–67. The ALJ's decision should still reflect consideration of opinions from medical sources who are not acceptable medical sources under the regulations. *See Molina*, 674 F.3d at 1111; *see also* SSR 06-03p; 20 C.F.R. §§ 404.1527(f)(1), 416.927(f)(1). Because the ALJ did not discuss ARNP Ghormley's July 2016 treatment notes or explain the weight given to the opinion, the Court cannot review whether the ALJ gave germane reasons for discounting ARNP Ghormley's July 2016 treatment notes. *See* SSR 06-03p (ALJ should explain weight given to other source opinions or otherwise ensure that discussion of the evidence allows for following the ALJ's reasoning "when such opinions may have an effect on the outcome of the case."); *see also Brown-*

1   *Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (the Court may only review the reasons

2   asserted by the ALJ and cannot meaningfully review those reasons where the ALJ fails to specify

3   them). The ALJ, therefore, erred in failing to review ARNP Ghormley's July 2016 treatment notes,

4   and this error was harmful. *See id.* ("Because we cannot engage in such substitution or speculation

5   [where the ALJ fails to specify his reasons for discounting evidence], such error will never be

6   harmless.").

7       C.   Dr. James Symonds, M.D.

8       Dr. Symonds examined Plaintiff on May 4, 2016, and opined that Plaintiff can lift and carry

9   20 pounds occasionally and 10 pounds frequently, can sit, stand, and walk for 6 hours in an eight

10   hour day, and can rarely stoop, kneel, and crouch. AR 663. Dr. Symonds further opined that

11   Plaintiff should have frequent change in the sitting and standing position and had no manipulative,

12   visual, communicative, or environmental limitations. AR. 663.

13       The ALJ gave partial weight to Dr. Symonds' opinion that Plaintiff was limited to light

14   work. AR 45. The ALJ gave less weight to the doctor's assessment of Plaintiff's need for frequent

15   changes in the sitting and standing position finding that Plaintiff "did not display significant

16   difficulty getting in/off a chair or on/off the exam table on exam" and that Plaintiff "was

17   ambulatory and standing without discomfort during a March 2019 ER visit." AR 25.

18       Plaintiff argues that the ALJ erred by failing to give specific and legitimate reasons for

19   rejecting Dr. Symonds' opinion regarding Plaintiff's need for frequent changes in sitting and

20   standing position. Dkt. 10, at 10. First, Plaintiff argues that the ALJ's rejection of this limitation

21   on grounds that Dr. Symonds failed to define what he meant by "frequent change of position"

22   triggered the ALJ's duty to develop the record further. *Id.* at 10–11. An ALJ is tasked with

23   determining whether evidence is ambiguous or the record is inadequate to allow for proper

ORDER
PAGE - 11

evaluation of the evidence, such that there is a need to develop the record further. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). However, an ALJ's "duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001). Here, the ALJ made no finding that the evidence was ambiguous or that the record was inadequate to allow for proper evaluation. Therefore, Plaintiff has not shown that the ALJ was under a duty to develop the record further.

Second, Plaintiff argues that the ALJ erred by rejecting Dr. Symonds' assessed limitation based on lack of support by the doctor's medical exam. Dkt. 10, at 11. "The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, . . . [and t]he better an explanation a source provides for an opinion, the more weight we will give that opinion." 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3). The ALJ found that Plaintiff "did not display significant difficulty getting in/off a chair or on/off the exam table on exam." AR 25. The ALJ's finding, however, does not accurately reflect Dr. Symonds' findings. Dr. Symonds' treatment notes found that Plaintiff had moderate difficulty getting "on and off the examination table," experiences "pain with flexion" and "pain with ambulation and weight-bearing," and had a straight leg test positive in the left lower extremity "in both sitting and supine position with pain into the left sacroiliac joint." AR 661–63. Therefore, the ALJ's reason for giving little weight to Dr. Symonds' assessed limitation is not supported by substantial evidence.

Finally, Plaintiff argues that the ALJ erred by discounting Dr. Symonds' limitation of frequent changes between sitting and standing based on evidence of Plaintiff being ambulatory during an ER visit in March of 2019. Dkt. 10, at 12 (citing AR 25). The ALJ is responsible for assessing the medical evidence and resolving any conflicts or ambiguities in the record. *See*

1    *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). When evidence

2    reasonably supports the ALJ's decision and the ALJ's interpretation of the evidence is rational,

3    the decision should stand. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Here, the ALJ

4    found that Dr. Symonds' assessed limitation was inconsistent with evidence showing Plaintiff had

5    been ambulatory and standing for the duration of the March 2019 ER visit without evidence of

6    severe overt discomfort. AR 25; *see also* AR 925. Plaintiff's activity during the ER visit, however,

7    is not reasonably inconsistent with Dr. Symonds' findings, as the ER notes failed to identify the

8    length of time that Plaintiff was ambulatory and standing or whether Plaintiff alternated between

9    sitting and standing throughout the visit. *See Tackett*, 180 F.3d at 1103 (ability to travel by car

10   long distance not inconsistent with physician's assessment of sitting limitations when there was

11   no evidence of the frequency or duration of rest stops, or whether claimant rode sitting up,

12   reclining, or lying down); *see also Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("The Social

13   Security Act does not require that claimants be utterly incapacitated to be eligible for

14   benefits . . . ."). Therefore, the ALJ's reasoning for rejecting Dr. Symonds' limitation regarding

15   frequent changes between sitting and standing based on Plaintiff's activity during the ER visit was

16   not supported by substantial evidence.

17        The Commissioner argues that substantial evidence supports the ALJ's reasoning because

18   "[o]ther treatment notes also indicated [Plaintiff] did not have back pain, and that he was managing

19   his back pain with medication." Dkt. 13, at 3 (citing AR 22). However, the ALJ did not specifically

20   identify these reasons as a basis for rejecting Dr. Symonds' opinion. Therefore, the Court does not

21   consider these *post-hoc* rationalizations. *See Bray*, 554 F.3d at 1226.

22        For these reasons, the ALJ erred in affording little weight to Dr. Symonds' assessment of

23   Plaintiff needing frequent changes between sitting and standing. This error was harmful because

ORDER
PAGE - 13

it resulted in an RFC determination that did not account for all of Plaintiff's assessed limitation.

### 2. Subjective Testimony

Plaintiff contends that the ALJ improperly evaluated Plaintiff's testimony. The rejection of a claimant's subjective symptom testimony[5] requires the provision of specific, clear, and convincing reasons. *Burrell v. Colvin*, 775 F.3d 1133, 1136–37 (9th Cir. 2014); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence, but not when it merely lacks support in the medical evidence. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("[L]ack of medical evidence cannot form the sole basis for discounting pain testimony.").

Plaintiff alleges that he is unable to stay focused on anything due to constant pain, that it takes most of the day to do any normal household stuff, and that the pain is always there, sometimes more, sometimes less, and has an effect on his mental health. AR 420. At the hearings, Plaintiff testified that it is hard for him to get in and out of the shower (AR 96), that he is in pain all the time, that he is constantly nauseous from either pain or his anxiety (AR 53), that physical therapy exercises are hard to do "when it causes so much pain" (AR 54), that he does stretches a couple of times a day but that formal physical therapy did not really help (AR 91), that he experiences pain

---

[5] Effective March 28, 2016, the Social Security Administration (SSA) eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character. SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

1    in his low back and down his left leg to his knee (AR 57), that he throws up a couple times a day

2    from nausea from either pain or anxiety (AR 57–58), that the anxiety and depression makes him

3    not want to do anything, including showering, and that he does not get out of bed at least once a

4    week (AR 58). Plaintiff further testified that he is able to stand 10 to 15 minutes at one time without

5    a cane and 20 to 25 minutes with a cane, that he can sit at one time for about 15 minutes before

6    needing to stand up, and that during an 8-hour work day, he needs to lay down about five or six of

7    those hours due to the pain and depression. AR 59–60. Plaintiff alleges that he has issues with

8    crowds, gets anxiety going to the grocery store, and has experienced difficulty with memory and

9    concentration both in his personal life and at prior jobs. AR 61–62, 66–67, 420. The ALJ found

10   that Plaintiff's "medically determinable impairments could reasonably be expected to cause some

11   of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence

12   and limiting effects of these symptoms are not entirely consistent with the medical evidence and

13   other evidence in the record . . . ." AR 21–22.

14          Plaintiff argues that the ALJ failed to provide clear and convincing reasons for rejecting

15   Plaintiff testimony. Dkt. 10, at 12. Specifically, Plaintiff argues that the ALJ erred by rejecting

16   Plaintiff's statements on the basis that the objective evidence does not support it. *Id.* "While

17   subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by

18   objective medical evidence, the medical evidence is still a relevant factor in determining the

19   severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857

20   (9th Cir. 2001). An ALJ may reject subjective testimony upon finding it contradicted by or

21   inconsistent with the medical record. *Carmickle*, 533 F.3d at 1161. Here, the ALJ found that

22   Plaintiff's "back complaints are out of proportion to the objective medical evidence of record."

23   AR 21. The ALJ found that Plaintiff reported being unable to sit straight, walk, or stand in place

because of pain, but noted that Plaintiff went to an upright position on exam. AR 21 (citing AR 532–34). The ALJ's finding, however, mischaracterizes the evidence. At the exam cited by the ALJ, Plaintiff's physician, Dr. Welch, noted that "[w]hen the patient comes to an upright position sitting, he almost immediately complains of buttock and thigh discomfort." AR 533. The ALJ cites several other medical records but fails to specify which testimony the ALJ found contradicted by this evidence. *See Brown-Hunter*, 806 F.3d at 489 ("To ensure that our review of the ALJ's credibility determination is meaningful, and that the claimant's testimony is not rejected arbitrarily, we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination."). Therefore, ALJ has not provided specific, clear, or convincing reasons supported by substantial evidence in finding that Plaintiff's testimony regarding debilitating back pain is inconsistent with the medical record.

Plaintiff argues that the ALJ erred in rejecting Plaintiff's testimony on grounds that Plaintiff reported minimal back complaints in subsequent medical records and reported, on one occasion, feeling stable. Dkt. 10, at 13–15. A claimant's failure to report debilitating symptoms to her physicians undermines her later statements to the agency. *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006). The ALJ, however, specifically cites medical progress records related to treating a recurrent leg infection, and the same records note that Plaintiff "has underlying chronic back pain." AR 898, 920, 926. Further, the treatment notes cited by the ALJ regarding Plaintiff's report of "feeling very stable" (AR 21) also report that Plaintiff has chronic back pain, is receiving methadone daily, and that *"[o]therwise*, he is doing well; he feels very stable." AR 708 (emphasis added). The ALJ further notes that Plaintiff reported that he was 75% improved by 2020 (AR 22); however, the medical records cited are once more related to Plaintiff's left thigh cellulitis and not

1    Plaintiff's chronic back pain. AR 994. These records do not reasonably show inconsistency with

2    Plaintiff's testimony regarding chronic back pain. Therefore, the ALJ did not provide specific,

3    clear, or convincing reasons supported by substantial evidence by finding Plaintiff's testimony

4    regarding debilitating back pain was inconsistent with Plaintiff's statements while being treated

5    for a leg infection.

6          Plaintiff argues that the ALJ erred by rejecting Plaintiff's testimony based on a treatment

7    note from Dr. Shawn Kenderdine, Ph.D., in which the doctor noted that Plaintiff displayed

8    exaggerated pain behavior and walked quickly with a cane. Dkt. 10, at 15 (citing AR 21). The

9    tendency to exaggerate or engage in manipulative conduct during the administrative process is a

10   permissible reason to discount the credibility of the claimant's reported symptoms. *Tonapetyan*,

11   242 F.3d at 1148. The ALJ, however, did not find that Plaintiff had engaged in malingering or

12   manipulative behaviors. Further, records from Plaintiff's treatment providers, including Dr. Welch

13   and ARNP Ghormley, specifically note that Plaintiff was not a malingerer. AR 650, 654. Absent

14   evidence of malingering, an ALJ must provide specific, clear, and convincing reasons to reject a

15   claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136–37 (9th Cir. 2014). The ALJ did not

16   cite to specific testimony that the ALJ found was contradicted by Dr. Kenderdine's notation.

17   Therefore, the ALJ did not provide specific, clear, or convincing reasons for rejecting Plaintiff's

18   testimony based on Dr. Kenderdine's notation of exaggerated pain behavior.

19         Plaintiff next argues that the ALJ erred by discounting Plaintiff's testimony based on

20   receiving only conservative treatment for his back pain. Dkt. 10, at 15. Conservative treatment is

21   "sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v.

22   Astrue*, 481 F.3d 742, 750–51 (9th Cir. 2007). The ALJ found that Dr. Welch recommended only

23   conservative treatment for his back pain, including stretching exercises; however, Dr. Welch noted

that he recommended such treatment because "it is the best chance I have for trying to help his pain, although it is limited because of the length of years the patient has had this pain." AR 533. Further, contrary to the ALJ's finding, Plaintiff has received Botox injections for his back pain, which ultimately were not effective. AR 585. The Ninth Circuit has found that spinal injections are not properly characterized as "conservative." *See Garrison v. Colvin*, 759 F.3d 995, 1015 n.20 (9th Cir. 2014). Therefore, the ALJ did not provide specific, clear, or convincing reasons supported by substantial evidence for discounting Plaintiff's testimony regarding debilitating chronic back pain based on evidence of conservative treatment.

Finally, Plaintiff argues that the ALJ erred in discounting Plaintiff's testimony based on Plaintiff's report of being able to fish. Dkt. 10, at 15–16. The Commissioner further argues that the ALJ properly rejected Plaintiff's symptom testimony based on evidence of Plaintiff's daily activities, including Plaintiff's ability to care for his aging parents. Dkt. 13, at 11 (citing AR 24). An ALJ may consider daily activities in evaluating a claimant's testimony regarding his physical limitations and the severity of his symptoms. *See Fair*, 885 F.2d at 603 ("[I]f a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that *are* transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling pain." (emphasis in original)). Plaintiff's ability to fish and care for his parents, however, is not clearly transferable to a work setting. *See id.* ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."). Further, Plaintiff testified that he does not go fishing very often, that his brother assists him when fishing, and that the care he provided to his parents was limited to wheeling his mother to the bathroom and "wherever she needed to go" and serving as "eyes" for his father but that his brother did

1    transfers for his father. AR 65–66, 93–94. Therefore, the ALJ's rejection of Plaintiff's testimony

2    of debilitating back pain based on Plaintiff's ability to fish or care for his parents is not specific,

3    clear, or convincing or supported by substantial evidence.

4        The Commissioner argues that the ALJ properly rejected Plaintiff's testimony on grounds

5    that Plaintiff reported needing to use a cane yet "there is no indication that a cane or other assistive

6    device is medically necessary." Dkt 13, at 10 (citing AR 22). Plaintiff argues that there is no

7    evidence that Plaintiff's cane use was not warranted. Dkt. 15, at 7. An ALJ may factor into the

8    ALJ's evaluation of a Plaintiff's subjective testimony the "unwarranted use of a cane." *Chaudhry*

9    *v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). Here, the ALJ cited various medical records and

10   found that Plaintiff's "use of assistive device appears volitional rather than based on medical

11   necessity." AR 22. The ALJ, however, did not find that Plaintiff's use of a cane undermined

12   Plaintiff's testimony. Indeed, Social Security regulations specify that an "ability to ambulate with

13   and without the [assistive] device provides information as to whether, or the extent to which, the

14   individual is able to ambulate without assistance." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00(J).

15   Therefore, the ALJ's finding that Plaintiff's use of a cane is volitional rather than medically

16   necessary does not clearly undermine Plaintiff's testimony that he uses a cane when going out or

17   that he experiences debilitating back pain.

18       The Commissioner further argues that the ALJ properly rejected Plaintiff's testimony

19   regarding his limitations from his mental health condition. Dkt. 13, at 10. Plaintiff, however, does

20   not challenge the ALJ's assessment of Plaintiff's testimony regarding mental health conditions.

21   Dkt. 15, at 8. Therefore, the Court does not consider this argument. *See Paladin Assocs., Inc. v.*

22   *Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003) (the court "ordinarily will not consider

23   matters on appeal that are not specifically and distinctly argued in an appellant's opening brief").)

ORDER
PAGE - 19

1    For these reasons, the ALJ did not provide specific, clear, or convincing reasons for

2 discounting Plaintiff's testimony regarding debilitating pain from his chronic back pain. This error

3 was harmful because it resulted in an RFC assessment that did not account for all of Plaintiff's

4 limitations.

5    **3. Lay Witness Testimony**

6    Plaintiff contends that the ALJ failed to properly evaluate the law witness testimony of

7 Plaintiff's brother. "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ

8 must take into account, unless he or she expressly determines to disregard such testimony and

9 gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir.

10 2001).

11    Plaintiff's brother reported that Plaintiff's "life has been affected by his back pain and

12 mental health issues," that he has personally had to help his brother out of the car, bed, shower,

13 and off the toilet, that he does most of the household chores, including cooking and cleaning, and

14 that Plaintiff spends a lot of time laying down. AR 504. The ALJ found that Plaintiff's brother's

15 "description of the claimant as severely limited by his condition is widely out of proportion to the

16 longitudinal evidence documented above, including his longitudinal treatment history, the

17 objective findings, his performance on physical and mental status examinations, and his

18 independent daily activities including driving." AR 27. The ALJ further found that Plaintiff's

19 brother failed to mention Plaintiff's "substance abuse history, ability to make his methadone-

20 related appointments, or the claimant helping to care for their parents during the relevant period."

21 AR 27.

22    Plaintiff argues that the ALJ erred by rejecting Plaintiff's brother's statement on grounds

23 that it was inconsistent with the medical evidence. Dkt. 10, at 16. "[A] lack of support from the

ORDER
PAGE - 20

'overall medical evidence' is also not a proper basis for disregarding [lay witness] observations." *See Diedrick v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). Here, the ALJ did not identify any specific inconsistencies or conflicts between Plaintiff's brother's observations and the medical record. *See Vincent ex rel. Vincent*, 739 F.2d at 1395 (an ALJ may reject lay witness testimony that conflicts with the medical evidence). Therefore, the ALJ's finding that Plaintiff's brother's statement was "out of proportion to the longitudinal evidence" was not a germane reason for discounting the lay witness testimony.

Plaintiff further argues that the ALJ erred by discounting the lay witness testimony on grounds that Plaintiff's brother failed to mention Plaintiff's substance abuse history, Plaintiff's ability to attend methadone-related appointments, or Plaintiff's helping to care for their parents during the relevant period. Dkt. 10, at 17 (citing AR 17). The ALJ, however, again failed to identify a reasonable inconsistency or contradiction between Plaintiff's brother's statements and the medical evidence. *See Vincent ex rel. Vincent*, 739 F.2d at 1395. Therefore, the ALJ did not provide a germane reason for discounting the lay witness testimony based on the witness's failure to mention other evidence. For these reasons, the ALJ erred by disregarding the lay witness testimony.

## **CONCLUSION**

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings.

DATED this 3rd day of December, 2021.

MARY ALICE THEILER
United States Magistrate Judge

ORDER
PAGE - 21